CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 10 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN ANGLOW SMITH,<br>Plaintiff, | )<br>)<br>) | Civil Action No. 7:12-cv-00150 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| BRAD NESSAROLDE,<br>Defendant. | )<br>)<br>) | By:  Hon. Jackson L. Kiser<br>     Senior United States District Judge |

John A. Smith, a Virginia prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant Brad Nessarolde, a former police officer of the Lynchburg Police Department. This matter is before me for screening, pursuant to 28 U.S.C. § 1915, because plaintiff filed documents to support an application to proceed in forma pauperis. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

The record reveals that plaintiff alleges the following facts.[1] Officer Nessarolde "falsely arrested" petitioner in March 1997 for possessing an illegal drug with the intent to distribute, but plaintiff did not have drugs or money with him. Nessarolde's testimony did not corroborate another witness' testimony, but plaintiff was convicted and spent ten years imprisoned.[2] Nessarolde was forced to resign in 2001 after an investigation discovered Nessarolde's "unsworn activities" while working for the Lynchburg Police Department. Plaintiff believes that the

---

[1] Plaintiff recited the relevant facts in this action and in Smith v. Nessarolde, No. 7:11-cv-00413 (W.D. Va. Sept. 1, 2011). See Fed. R. Evid. 201; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989) (recognizing that courts may take judicial notice of judicial records).

[2] Plaintiff does not explain how the claims about a ten-year sentence resulting from an arrest in 1997 apply to the sentence plaintiff is presently serving in 2012.

allegations surrounding Nessarolde's "unsworn activities" are "very similar to [plaintiff's] claim."[3] Plaintiff requests $5 million and a sentence reduction.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally

---

[3] Plaintiff does not explain how the allegations are "very similar" to plaintiff's unspecified claim.

construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to state any claim upon which relief may be granted. Plaintiff's conclusion that Nessarolde "falsely arrested" him is not entitled to an assumption of truth in the absence of any articulated facts. Plaintiff fails to address how the two-year statute of limitations does not bar consideration of a 1997 false arrest claim fifteen years later. See Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (noting that a federal cause of action accrues when the plaintiff has a complete and present cause of action or when the plaintiff can file suit and obtain relief); Owens v. Okure, 488 U.S. 235, 249-50 (1989) (noting § 1983 adopts the statute of limitations that the forum state uses for general personal injury cases); Va. Code § 8.01-243(A) (stating Virginia's applicable statute of limitations for § 1983 actions is two years). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss the complaint without prejudice.

3

III.

For the foregoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 10th day of April, 2012.

*Jackson L. Kiser*
Senior United States District Judge